CARTER MULLALY, GEORGE A. HALES AND JAMES R. McBRAYER, AS TRUSTEES OF HALES-MULLALY, INC., A DISSOLVED CORPORATION, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5948. Promulgated December 29, 1945.

*Charles H. Garnett, Esq.*, for the petitioners.
*James L. Backstrom, Esq.*, for the respondent.

1378

OPINION.

Hill, *Judge*: Respondent, on his own initiative, revised petitioner's net income for the taxable years ended August 31, 1937 and 1938, by disallowing a portion of certain advertising and publicity expenses for those years as abnormal deductions under section 711 (b) (1) (J) (ii) of the Internal Revenue Code.[1] This revision in petitioner's net

---

[1] SEC. 711. EXCESS PROFITS NET INCOME.

\* \* \* \* \* \* \*

(b) TAXABLE YEARS IN BASE PERIOD.—

(1) GENERAL RULE AND ADJUSTMENTS.—The excess profits net income for any taxable year subject to the Revenue Act of 1936 shall be the normal-tax net income, as defined in section 13 (a) of such Act; and for any other taxable year beginning after December 31, 1937, and before January 1, 1940, shall be the special-class net income as defined in section 14 (a) of the applicable revenue law. In either case the following adjustments shall be made \* \* \*;

\* \* \* \* \* \* \*

(J) ABNORMAL DEDUCTIONS.—Under regulations prescribed by the Commissioner, with the approval of the Secretary, for the determination, for the purposes of this subparagraph, of the classification of deductions—

\* \* \* \* \* \* \*

(ii) If the class of deductions was normal for the taxpayer, but the deductions of such class were in excess of 125 per centum of the average amount of deductions of such class for the four previous taxable years, they shall be disallowed in an amount equal to such excess.

o

income for these base period years reduced its excess profits credit in the year 1941 and resulted in the deficiency. It is stipulated that petitioner did not elect to capitalize these expenses under section 733 of the Code.[2] Petitioner concedes that if respondent has the authority to take the action complained of, the amounts disallowed are correct. Petitioner challenges respondent's determination on several grounds. First, petitioner contends that section 711 (b) (1) (J) is a relief provision which only a taxpayer can invoke; that petitioner has not invoked it and, hence, the provision is not applicable here. This contention of petitioner is based on section 711 (b) (1) (K) (ii) of the code.[3] Petitioner further contends that, in any event, the increase in advertising and publicity expenses in 1937 was due to an increase in its gross income for that year and that in the taxable year 1938 it was due to a change in the size and condition of petitioner's business and no adjustment is necessary because the expenses were not abnormal. Respondent agrees that the cited section is a relief provision, but contends that it is for the benefit of both the taxpayer *and the Government* and that nowhere in the Internal Revenue Code can be found a bar to his authority to make the adjustment in question. In *Colson Corporation*, 5 T. C. 1035, we decided the identical question here involved in favor of the contention of the taxpayer in that case. We adhere to our decision in that case, and on the authority thereof we

---

[2] SEC. 733. CAPITALIZATION OF ADVERTISING, ETC., EXPENDITURES.

(a) ELECTION TO CHARGE TO CAPITAL ACCOUNT.—For the purpose of computing the excess profits credit, a taxpayer may elect, within six months after the date prescribed by law for filing its return for its first taxable year under this subchapter, to charge to capital account so much of the deductions for taxable years in its applicable base period on account of expenditures for advertising or the promotion of good will, as, under rules and regulations prescribed by the Commissioner with the approval of the Secretary, may be regarded as capital investments. Such election must be the same for all such taxable years, and must be for the total amount of such expenditures which may be so regarded as capital investments. In computing the excess profits credit, no amount on account of such expenditures shall be charged to capital account :

(1) For taxable years in the base period unless the election authorized in subsection (a) is exercised. or

(2) For any taxable year prior to the beginning of the base period.

(b) EFFECT OF ELECTION.—If the taxpayer exercises the election authorized under subsection (a)—

(1) The net income for each taxable year in the base period shall be considered to be the net income computed with such deductions disallowed, and such deductions shall not be considered as having diminished earnings and profits. This paragraph shall be retroactively applied as if it were a part of the law applicable to each taxable year in the base period ; * * *

[3] SEC. 711. * * *

* * * * * * *

(K) RULES FOR APPLICATION OF SUBPARAGRAPHS (H), (I), and (J).—For the purposes of subparagraphs (H), (I), and (J)—

* * * * * * *

(ii) Deductions shall not be disallowed under such subparagraphs unless the taxpayer establishes that the abnormality or excess is not a consequence of an increase in the gross income of the taxpayer in its base period or a decrease in the amount of some other deduction in its base period, and is not a consequence of a change at any time in the type, manner of operation, size, or condition of the business engaged in by the taxpayer.

sustain petitioner in its first contention hereinabove set forth. It is unnecessary therefore to give consideration to petitioner's further and alternative contention hereinabove set forth. We hold that there is no deficiency, but in view of the fact that petitioner claims an overpayment,

*Decision will be entered under Rule 50.*